UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
In re: THE VILLAGE AT WEST GLOUCESTER, )
LLC,                                   )   Miscellaneous Case No. 10-40019-FDS
                    Debtor.  )
                                                          )
THE VILLAGE AT WEST GLOUCESTER, LLC, )   (Chapter 11 Case No. 10-42000-MSH)
                    Appellant,  )
                                                           )
v.                                     )
                                                          )
WEST GLOUCESTER CAPITAL, LLC,          )
                    Appellee.  )
_____)

MEMORANDUM AND ORDER
August 27, 2010

O'TOOLE, D.J.

On April 23, 2010, the debtor-appellant, The Village at West Gloucester, LLC (the "Debtor"), filed for protection from its creditors under Chapter 11 of the Bankruptcy Code, triggering the automatic stay provision of 11 U.S.C. § 362. On July 23, 2010, the bankruptcy court entered an order granting a creditor, West Gloucester Capital, LLC ("WGC"), relief from the automatic stay so that WGC can proceed with a foreclosure sale of the Debtor's real estate development project, its only substantial asset. The Debtor now seeks a stay pending its appeal of that order pursuant to Federal Rule of Bankruptcy Procedure 8005.

In deciding whether a stay is warranted, a court must consider (1) whether the appellant has established a strong showing of likelihood of success on the merits; (2) whether the appellant will be irreparably harmed if the stay is denied; (3) whether a stay will injure the other party; and (4) where the impact on the public interest lies. Elias v. Sumski (In re Elias), 182 F. App'x 3, 4 (1st Cir. 2006) (quoting Acevedo-García v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002)); In re

Miraj & Sons, Inc., 201 B.R. 23, 26 (Bankr. D. Mass. 1996). The movant bears the burden as to each factor.

The Debtor has failed to demonstrate that a stay pending appeal is warranted. Most significantly, the Debtor has not shown it is likely to succeed on the merits of its appeal, the sine qua non of the stay calculus. See In re Elias, 182 F. App'x at 4 (quoting Acevedo-Garcia, 296 F.3d at 13).

The Debtor contends that the bankruptcy judge erred in granting relief from the automatic stay without holding an evidentiary hearing.[1] The critical issue on WGC's motion for relief from the stay was whether the Debtor had proposed or could propose a plan of reorganization that had a reasonable chance of confirmation within a reasonable period of time. See 11 U.S.C. § 362(d)(3). The bankruptcy court held four hearings related to the financial viability of the Debtor's development plans. While the hearings may not have been "evidentiary" in the sense that witnesses were called to be examined and cross-examined, they did involve the court's consideration of various materials submitted by the parties, including the Debtor's proposed plan of reorganization, financial data and projections, and reports of real estate brokers submitted by both the Debtor and WGC. To suggest that the court acted without "evidence" is thus incorrect.

Moreover, the Debtor has failed to show how witness testimony would have assisted the bankruptcy court or changed the outcome. For instance, to the extent that there is a difference of opinion between the so-called "sweet spot" for the sales of the project's units, i.e., WGC's average of $516,900 versus the Debtor's $500,000 to $600,000, there was ample evidence for the

---

[1] Although the Debtor raises various other issues to be resolved on appeal in its Designation of Items to be Included in the Record and Statement of Issues to be Determined on Appeal, (see id., In re Vill. at W. Gloucester, LLC, No. 10-42000 (Bankr. D. Mass. Aug. 19, 2010), ECF No. 124), it has made no effort to demonstrate a likelihood of success on the merits on any matter beyond the failure of the bankruptcy court to hold an evidentiary hearing, and consequently, has not met its burden as to those issues.

bankruptcy court to conclude that the projections were insufficient to augur a reasonable chance of success even utilizing the high-end of the Debtor's own figures. Consequently, it is not likely that the Debtor will successfully show on appeal that the bankruptcy court erred in failing to receive testimonial evidence.

The Debtor's reliance on In re Calore Express Co., Inc., 288 F.3d 22 (1st Cir. 2002), is misplaced. There, the court considered the necessity of an evidentiary hearing to determine whether the government had waived its setoff rights. Id. at 35-36. The consideration of whether a waiver had occurred focused on past events and potentially required evidence to determine what the government had or had not done. See id. In contrast, the issue in the present case is a matter of projection and assessment: whether the Debtor's proposed plan of reorganization had a reasonable chance of confirmation within a reasonable time. The Debtor does not suggest how taking testimonial evidence—say from the parties' respective brokers—would have added anything of substance that was not already in the documentary record before the court.

Given this determination that the Debtor has not shown a likelihood of success on the merits of its appeal, the other relevant factors merit only brief mention. As to the second factor, it is obvious that the Debtor will suffer harm absent a stay. The scheduled foreclosure sale would likely moot the appeal. That risk by itself, however, does not necessarily constitute an irreparable injury. See Acton v. Fullmer (In re Fullmer), 323 B.R. 287, 304 (Bankr. D. Nev. 2005) (collecting cases). Furthermore, WGC argues persuasively that there is an adequate remedy at law because the Debtor, which ultimately seeks to sell the housing units it is developing for a profit, could be compensated by a money judgment in on-going state litigation it commenced against WGC and others.

As to the final factors, a stay would cause at least some harm to WGC through the continued loss of value associated with delayed development while the appeal was pending, and the public interest does not lie with the Debtor. Beyond the general public interest in avoiding incomplete construction projects, the reality is that there are five homeowners currently living at the unfinished development where construction has been stalled for over a year. Whether they are considered parties in interest or part of the public, the harm they would suffer, including a diminished quality of life and value of investment, is not insignificant.

Accordingly, the Emergency Motion of Debtor for Stay Pending Appeal (dkt. no. 1) is DENIED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge